UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:11-cr-40-FtM-29SPC

EDDY LUIS JOSE ESTRELLA
_____

**OPINION AND ORDER**

This matter comes before the Court on the Government's Notice of Intent to Introduce Evidence under Fed. R. Evid. 404(b) (Doc. #45) filed on August 2, 2011. Defendant's Response (Doc. #49) was filed on August 15, 2011. Although not captioned as such, both sides appear to treat these filings as motions *in limine.*

Evidence of prior bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Eleventh Circuit employs a three-part test to determine whether a district court abused its discretion by admitting evidence of prior bad acts under Federal Rule of Evidence 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403. United States v. Phaknikone, 605 F.3d 1099, 1107 (11th Cir. 2010); United

States v. McNair, 605 F.3d 1152, 1203 (11th Cir. 2010). Rule 404(b) "is a rule of inclusion. . .[and] 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (internal quotation marks omitted). The application of the Rule 404(b) test "var[ies] depending on the issue for which it was offered." United States v. Lail, 846 F.2d 1299, 1301 (11th Cir. 1988). The government argues that two prior armed robberies should be allowed before the jury to prove intent.

In this case, the government intends to introduce evidence that defendant Estrella committed two prior armed robberies, one with the co-defendant in this case. The government asserts that this evidence is relevant to defendant's intent, knowledge, modus operandi and the nature of his relationship with co-defendant Martinez in connection with Counts Five through Eight, related to the Hobbs Act robbery charges. As the case stands now, the Court finds that the government has established the relevance of the proposed other robbery evidence, has established sufficient evidence that a jury could find defendant committed those offenses (pending the Court's resolution of the motion to suppress) and that the probative value of that evidence is not substantially outweighed by undue prejudice. Therefore, absent a change in the anticipated evidence, the Court is inclined to admit the evidence

after the government has introduced evidence to support the charges in the Indictment.

Accordingly, it is now

**ORDERED**:

To the extent the Government's Notice of Intent to Introduce Evidence under Fed. R. Evid. 404(b) (Doc. #45) is deemed to be a motion *in limine*, it is tentatively **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of November, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record