UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDY LUIS JOSE ESTRELLA,

    Petitioner,

v().                                      Case No: 2:14-cv-583-FtM-29CM
                                           Case No. 2:11-cr-40-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #164),[1] Memorandum of Facts & Law in Support (Cv. Doc. #2), and Affidavit (Cv. Doc. #4), all filed on October 7, 2014. The government filed a Response in Opposition (Cv. Doc. #14) on December 19, 2014, and petitioner filed a Reply (Cv. Doc. #16) on February 19, 2015. The original motion raises only one ground for relief.

On March 21, 2016, petitioner filed an (amended) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by

---

[1]The Court will make references to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

a Person in Federal Custody (Cv. Doc. #19) and Memorandum of Law Seeking Relief (Cv. Doc. #20). The government sought to strike this second motion as a successive petition, or for failure to seek leave to amend. The motion to strike was denied, petitioner was granted leave to amend, and the Court accepted the amended filing. (Cv. Doc. #23.) The government filed a Supplemental Response (Cv. Doc. #24) on June 14, 2016. This amended filing raises only one additional ground for relief.

**I.**

On March 30, 2011, a federal grand jury in Fort Myers, Florida returned a ten-count Indictment (Cr. Doc. #1) against defendant Eddy Luis Jose Estrella (Estrella or petitioner) and Miguel Angel Martinez[1]. Petitioner was charged with two counts of distributing Oxycodone within 1000 feet of a playground (Counts One and Four) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860, and 18 U.S.C. § 2; knowingly carrying a firearm during and in relation to the drug trafficking crime in Count One, and possessing said firearm in furtherance of said drug trafficking crime (Count Two) in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; two counts of being a convicted felon in possession of a firearm in and affecting commerce (Counts Three and Ten) in violation of 18 U.S.C. §§

---

1 This co-defendant pled guilty without the benefit of a plea agreement on July 14, 2011. (Cr. Doc. #42.) Only Miguel Angel Martinez is named in Count Nine of the Indictment.

922(g)(1), 924(a)(2), and 2; with conspiracy to obstruct, delay, and affect commerce by robbery (Count Five) in violation of 18 U.S.C. § 1951(a); for obstructing, delaying, and affecting commerce by taking and attempting to take Oxycodone and cash for the purchase of a firearm by force, violence, and fear of injury from an undercover detective (Count Six) in violation of 18 U.S.C. §§ 1951(a) and 2; with conspiracy to use and carry a firearm during and in relation to a crime of violence , and to possess the firearm in furtherance of the interference with commerce by robbery alleged in Count Six (Count Seven) in violation of 18 U.S.C. § 924(o); and for using and carrying a firearm during and in relation to a crime of violence, and possessing the firearm in further of the interference with commerce by robbery charged in Count Six (Count Eight) in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.  On October 17, 2011, the Court issued an Opinion and Order (Cr. Doc. #82) denying petitioner's motion to suppress.  A redacted Indictment (Cr. Doc. #101) was filed on November 3, 2011, to remove the reference to Count Five within Count Eight.

Petitioner proceeded to trial, and on November 10, 2011, a jury returned a verdict of guilty on all counts charged. (Cr. Doc. #122.)  On February 13, 2012, the Court sentenced petitioner to 78 months of imprisonment on Counts One, Three, Four, Five,

Six, Seven and Ten to be served concurrently, 5 years as to Count Two to be served consecutively to Counts One, Three, Four, Five, Six, Seven, Eight and Ten, and 25 years as to Count Eight to be served consecutively to the term as to Counts One, Two, Three, Four, Five, Six, Seven and Ten, all followed by a term of supervised release. (Cr. Doc. #129.) Judgment (Cr. Doc. #131) was filed on February 14, 2012. Petitioner filed a Notice of Appeal (Cr. Doc. #133) on April 27, 2012.

On appeal, petitioner argued that that the district court erred by denying his motion to suppress, abused its discretion by admitting evidence of a prior robbery, and erred by denying the motion for judgment of acquittal on Counts Two, and Five through Eight. Petitioner also argued that his sentence was substantively unreasonable and unconstitutional. The Eleventh Circuit found no merit to any of the challenges and affirmed the convictions and sentences, and remanded for the correction of a clerical error in the judgment. (Cr. Doc. #161); <u>United States v. Estrella</u>, 518 F. App'x 822 (11th Cir. 2013). The Amended Judgment (Cr. Doc. #163) was issued on June 20, 2013. Petitioner filed for a writ of certiorari, which was denied on October 7, 2013. <u>Estrella v. United States</u>, 134 S. Ct. 337 (2013).

The government agrees that petitioner's original § 2255 motion was timely filed. (Cv. Doc. #14, p. 7.)

**II.**

Petitioner asserts one ground for relief in the original motion, and one ground for relief in the amended motion. The two grounds raised are as follows: (1) that he received ineffective assistance of counsel during the plea bargaining process (Ground One); and (2) that under Johnson v. United States, 135 S. Ct. 2251 (2015), the conspiracy to commit a Hobbs Act robbery and commission of a Hobbs Act robbery no longer qualify as crimes of violence, and therefore his conviction and sentence as to Count 8 must be vacated.

**A. Evidentiary Hearing Standard**

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301

(11th Cir. 2008) (a hearing is not necessarily required whenever ineffective assistance of counsel is asserted). To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). Viewing the facts alleged in the light most favorable to petitioner, the Court finds that an evidentiary hearing as to Ground One only.

**B. Ineffective Assistance of Counsel Standard**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs

if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

**III.**

**A. Ground One: Ineffective Assistance In Plea Discussions**

Petitioner argues that there was at least one plea offer extended and verbally relayed to him by counsel providing for a sentence exposure of only 15 to 20 years of imprisonment. Petitioner states that counsel was deficient for failing to convey the entire plea offer, and advising and explaining its terms to petitioner. Petitioner states that no hard copy of a plea offer was provided, but it was "not expected" that the government or counsel would contradict that the plea offer was indeed extended. Petitioner states that he would have pled guilty but for the ineffective assistance of counsel, and that plea terms would have been accepted by the Court. Petitioner argues that the government should be required to re-offer the alleged plea proposal, and that he should be permitted to take the proposed plea offer and enter a plea of guilty.

Petitioner filed an Affidavit (Cv. Doc. #4) stating that Mr. Rosenthal informed him that the government had extended a plea offer with a sentencing exposure of 15 to 20 years, but that no hard copy was provided and the entire offer was not conveyed or explained. Petitioner states that he exercised his right to proceed before a jury based on Mr. Rosenthal's representations that: (1) his sentencing exposure could not exceed 20 years, (2)

he could not be convicted of Count 2 because there were not enough pills involved and no intent to facilitate the transaction with the firearm, and (3) he could not be convicted of Counts 5, 6, 7, and 8 because only $400 was involved and the government would not be able to establish a "substantial effect on interstate commerce."

The government concedes only that informal discussions took place with counsel. Count Eight carried a minimum mandatory consecutive term of incarceration of 25 years to any sentence imposed for Counts Five and Six, and Count Two carried a minimum mandatory consecutive term of 5 years to any sentence imposed for Count One. Counts One and Four had minimum mandatory terms of one year. In the government's view, based on these minimum mandatory terms, petitioner was facing a total minimum mandatory of at least 32 years. Counsel for petitioner sought to have Counts Two or Eight dismissed so as to remove petitioner's exposure to the consecutive 25 year sentence, however this was not an option the government was willing to exercise as it would result in too low of a sentence. Also, both the government and counsel recognized that a fixed term of imprisonment would not be acceptable to the Court. Therefore, the "informal plea discussions never materialized in an offer by the United States as neither party was willing to compromise on the charges within the indictment. . . ." (Civ. Doc. #14, p. 5.) Consequently, "no plea offer was made,

he could not be convicted of Count 2 because there were not enough pills involved and no intent to facilitate the transaction with the firearm, and (3) he could not be convicted of Counts 5, 6, 7, and 8 because only $400 was involved and the government would not be able to establish a "substantial effect on interstate commerce."

The government concedes only that informal discussions took place with counsel. Count Eight carried a minimum mandatory consecutive term of incarceration of 25 years to any sentence imposed for Counts Five and Six, and Count Two carried a minimum mandatory consecutive term of 5 years to any sentence imposed for Count One. Counts One and Four had minimum mandatory terms of one year. In the government's view, based on these minimum mandatory terms, petitioner was facing a total minimum mandatory of at least 32 years. Counsel for petitioner sought to have Counts Two or Eight dismissed so as to remove petitioner's exposure to the consecutive 25 year sentence, however this was not an option the government was willing to exercise as it would result in too low of a sentence. Also, both the government and counsel recognized that a fixed term of imprisonment would not be acceptable to the Court. Therefore, the "informal plea discussions never materialized in an offer by the United States as neither party was willing to compromise on the charges within the indictment. . . ." (Civ. Doc. #14, p. 5.) Consequently, "no plea offer was made,

either orally or in writing, by the United States." (Id., p. 6.)

In reply, petitioner points out that the government failed to attach an affidavit as to the events surrounding the plea bargaining process, and the government acknowledges that it was not privy to the conversations between petitioner and his counsel.

A defendant in a criminal case is entitled to effective assistance of counsel during plea negotiations. Lafler v. Cooper, 566 U.S. 156, 162 (2012). For a claim that a plea would have been accepted but for counsel's ineffectiveness, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. at 164.

The government does not provide any affidavits to dispute petitioner's affidavit, and the record does not support a conclusion that *no* plea was offered. Therefore, the Court finds a hearing is appropriate as to Ground One and petitioner is entitled to an appointment of counsel for the hearing. See Rules Governing Section 2255 Proceedings, Rule 8.

**B. Ground Two: Johnson Claim**

Petitioner argues that a conspiracy to commit a Hobbs Act robbery and commission of a Hobbs Act robbery no longer qualify as crimes of violence based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactively applicable on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016). In Johnson, the United States Supreme Court held that the "residual clause", 18 U.S.C. § 924(e)(2)(B)(ii), of the Armed Career Criminal Act (ACCA) was unconstitutionally vague and a violation of the Due Process Clause of the United States Constitution. [2] The "elements clause", see 18 U.S.C. § 924(e)(2)(B)(i), was not called into question. Petitioner's sentence in this case was not increased by the ACCA, but petitioner seeks to apply the reasoning in Johnson to the residual clause under 18 U.S.C. § 924(c). Although the language is similar, the Eleventh Circuit has not yet decided if Johnson applies to Section 924(c)(3)(B). In re Pinder, 824 F.3d 977, 978 (11th Cir. 2016).

Under Section 924(c), "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime,

---

[2] The ACCA defines the term "violent felony" "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

possesses a firearm, shall" be subject to certain minimum mandatory terms of imprisonment. 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a felony that:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Petitioner was charged in Count Eight of the Indictment as follows:

> On or about January 27, 2011, in Lee County, in the Middle District of Florida,
>
> EDDY LUIS JOSE ESTRELLA, and MIGUEL ANGEL MARTINEZ,
>
> defendants herein, aiding and abetting one another, did knowingly use and carry a firearm, namely a Sig Sauer, 9mm semi-automatic pistol, model P6, serial number M443126, and an American Arms, Inc., 22 caliber semi-automatic pistol, model PX22, serial number 043325, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, and did knowingly possess said firearm in furtherance of said crime of violence, namely, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951 (a), as charged in Count Six of this Indictment, which is incorporated by reference as though fully set forth herein.
>
> In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), Section (c)(1)(C)(i), and Section 2.

(Cr. Doc. #101, pp. 4-5.) Because this was a second or subsequent conviction, petitioner was subject to a term of not less than 25 years under Count Eight. See 18 U.S.C. § 923(c)(1)(C)(i). In Count Six, petitioner was charged as follows:

> On or about January 27, 2011, in Lee County, in the Middle District of Florida,
>
> EDDY LUIS JOSE ESTRELLA, and MIGUEL ANGEL MARTINEZ,
>
> defendants herein, did knowingly and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code Section 1951 (b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951 (b)(1), in that the defendants did unlawfully take and attempt to take and obtain personal property consisting of Oxycodone and cash to be used for the purchase of a firearm from D.L., an undercover Lee County Sheriff's Office detective, against said detective's will by means of actual and threatened force, violence, and fear of injury, immediate and future.
>
> All in violation of Title 18, United States Code, Sections 1951(a) and 2.

(Id., pp. 3-4.) The jury was instructed as to Count Six that the element of taking by actual or threatened force or violence, or by causing fear of harm must be proved beyond a reasonable doubt. The jury was further instructed that Count Eight required proof beyond a reasonable doubt that defendant committed the crime of violence charged in Count Six, and that the firearm was used or

carried in relation to or possessed in furtherance of the crime of violence. (Cr. Doc. #121.)

As in In re Fleur[3], the Court does not have to reach the issue of whether Johnson applies to the residual clause of Section 924(c)(3)(B) because petitioner's conviction qualifies as a "use-of-force clause" crime of violence under Subsection (A). Petitioner was found guilty in Count Six of robbery by means of actual and threatened force, violence, and fear of injury as defined by 18 U.S.C. § 1951(a)[4]. This was for the substantive act of robbery, and not simply a conspiracy to commit the robbery as charged in Count Five. Petitioner was found guilty in Count Eight of using and carrying a firearm during and in relation to the crime of violence charged in Count Six[5], and possessing said firearm in furtherance of the crime of violence in Count Six in violation of 18 U.S.C. § 924(c)(1)(A). As Count Six includes an element of physical force, it qualifies as a "use-of-force clause"

---

[3] In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016).

[4] "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both. 18 U.S.C. § 1951(a).

[5] Count Five was removed as a basis by redacted Indictment (Cr. Doc. #101).

crime of violence and the petitioner's conviction and sentence is "valid even if <u>Johnson</u> makes the § 924(c)(3)(B) residual clause unconstitutional."  <u>In re Fleur</u>, 824 F.3d 1337, 1341 (11th Cir. 2016).  See also <u>In re Gordon</u>, 827 F.3d 1289, 1293 (11th Cir. 2016) (collecting cases); <u>In re Colon</u>, 826 F.3d 1301, 1305 (11th Cir. 2016) (finding that aiding and abetting a Hobbs Act robbery qualifies as a crime of violence); <u>Chatfield v. United States</u>, No. 16-22591-CIV, 2017 WL 1066776, at *12 (S.D. Fla. Mar. 2, 2017), <u>report and recommendation adopted,</u> No. 09-20870-CR, 2017 WL 1066779 (S.D. Fla. Mar. 21, 2017) (collecting cases).  Under current precedent, Ground Two must be denied on the merits.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Discovery and Expansion of the Record (Cv. Doc. #5) is **DENIED** without prejudice.

2. Petitioner's Motion for Evidentiary Hearing (Cv. Doc. #6) is **GRANTED** as to Ground One.

3. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #247) as to Ground One is **taken under advisement**.

4. Petitioner's (amended) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person

in Federal Custody (Cv. Doc. #19) as to Ground Two is **denied** on the merits. The entry of judgment is deferred pending a hearing on Ground One.

5. The Clerk of the Court is directed to appoint the next available CJA counsel to represent petitioner in this matter.

6. Appointed Counsel and defendant shall appear before the undersigned for an evidentiary hearing on Thursday, October 26, 2017. A separate notice will issue.

7. The United States Marshal's Office shall facilitate petitioner's transport for the hearing from FCI Ray Brook in New York (#54500-018) and secure Eddy Luis Jose Estrella's presence in Fort Myers, Florida **on or before October 19, 2017.**

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA
U.S. Marshal's Office