UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDY LUIS JOSE ESTRELLA,

    Petitioner,

v.                                      Case No: 2:14-cv-583-FtM-29CM
                                       Case No. 2:11-CR-40-FTM-29SPC
UNITED STATES OF AMERICA,

    Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #164) and petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #19). In an Opinion and Order (Cv. Doc. #25) filed on September 22, 2017, the Court denied the motion as to Ground Two, found that an evidentiary hearing was needed as to Ground One, and appointed counsel as to Ground One. The Court adopts and incorporates its findings and conclusions from that Opinion and Order.

The Court held an evidentiary hearing on May 8, 2018, hearing testimony from petitioner Eddy Luis Jose Estrella and his former attorney, Assistant Federal Public Defender Russell Rosenthal. (Cv. Doc. #35.) The Court also admitted, as Court's Exhibit 1,

the contemporaneous Memo prepared by Mr. Rosenthal of his plea discussions with his client and the government attorneys. The government subsequently caused the transcript of the arraignment to be filed.[1] (Cr. Doc. #200; Cv. Doc. #36.)

The single issue presently before the Court is whether petitioner received effective assistance of counsel in the plea negotiations which preceded his jury trial. After considering the testimony and evidence presented, the Court finds that petitioner did receive the effective assistance of counsel in the plea negotiations with the government.

**I.**

Petitioner testified at the evidentiary hearing that he had multiple conversations with his attorney while detained in jail. Petitioner stated that while he understood the potential sentence for the charges was severe, he did not comprehend the degree of severity. Petitioner conceded that the penalties had been explained to him in court, and that he knew the maximum penalty for several counts was life imprisonment. Petitioner testified, however, that he was generally unfamiliar with the federal system and did not fully understand the consecutive "stacking" involved

---

1 The government indicated that it would file the transcript for the initial appearance and the arraignment, however only the transcript from the arraignment was filed.

in the case. Petitioner stated he and his attorney did not discuss the maximum exposure he faced, or the consecutive mandatory minimum sentences required by some of the counts of the Indictment. Petitioner further testified that there came a time when his attorney told him the government had made a plea offer to him which would limit his sentence to 15 to 20 years imprisonment and require his testimony against the co-defendant. The offer was not discussed in-depth, and no further details were provided by counsel, according to petitioner. No written plea agreement was ever provided. Petitioner stated that, based on conversations with counsel and his review of discovery material, he believed he could beat some of the counts at trial, but not all of them.

Petitioner's co-defendant then pled guilty, and petitioner believed the plea deal was therefore no longer available, although he did not discuss this with his attorney. Other than the one conversation, petitioner had no further discussions with his attorney about the government's plea offer. Rather, they prepared for the trial. Petitioner testified that if he would have known about the mandatory minimum sentences, he would have accepted the government's plea offer, including testifying against the co-defendant.

Mr. Rosenthal testified that he has been involved in criminal cases since 1981, first as an Assistant State Attorney, then in

private practice as a criminal defense attorney, and currently for the last sixteen years as an Assistant Federal Public Defender. Mr. Rosenthal was subpoenaed to the evidentiary hearing by the government, and had declined to speak with the government about this case prior to the hearing. Mr. Rosenthal testified he was with petitioner at the arraignment, at which the charges were summarized and the maximum penalties were explained. Based upon various conversations with his client, Mr. Rosenthal knew petitioner fully understood the penalties, including the mandatory minimum consecutive penalties of some of the counts.

Mr. Rosenthal testified that there came a point in the pretrial proceedings where, after speaking with petitioner, it was agreed petitioner would make a plea offer to the government. Mr. Rosenthal conveyed the following offer to the government attorney: Petitioner would plead guilty to all counts in the Indictment except for the second § 924(c) count, and the government would be allowed to argue at sentencing for a sentence above the Sentencing Guidelines calculation. Mr. Rosenthal testified that, as he had discussed with petitioner, Mr. Rosenthal projected that the combination of the one § 924(c) count and the other counts would lead to a Sentencing Guidelines range of about eleven years imprisonment. Petitioner was aware of and understood that the two § 924(c) counts had an effective thirty-two year mandatory

sentence, and understood that the statutory maximum was life imprisonment.

Mr. Rosenthal met with Assistant United States Attorneys (AUSA) Jeffrey Michelland and Jesus Casas on the morning of May 23, 2011, and conveyed petitioner's offer. Mr. Rosenthal testified that the AUSAs immediately rejected this proposal, but made a tentative counter-offer: Petitioner would plead guilty to all counts, cooperate with the government, and, if approved by their superiors, the government would recommend a sentence not to exceed twenty years imprisonment. This sentence was only possible if petitioner cooperated and the government filed a § 5K1.1 motion under the Sentencing Guidelines allowing the Court to impose a sentence below the mandatory statutory minimums.

Mr. Rosenthal conveyed this offer to petitioner, who rejected it because the sentence was too long and cooperation was "a concern." Petitioner told Mr. Rosenthal that petitioner did not want to pursue the plea, and instead get ready for the then-pending trial. Mr. Rosenthal testified that there was no 15-20 year proposal from the government; that he did not tell petitioner the maximum sentence after trial could not exceed 20 years imprisonment; did not tell petitioner there were not enough pills for him to be convicted of Count Two; and did not tell petitioner

that he could not be convicted because there was a lack of a substantial impact on commerce.

The strategy for trial was to argue that the government could not establish the fact that petitioner was acting in concert with co-defendant Mr. Martinez, which would address the robbery counts and the second 924(c) count. The second part of the strategy was to argue that that petitioner should not be convicted of the first 924(c) count because petitioner handed the loaded gun to the undercover agent and so it was not being used to protect the drugs or for self-protection. Mr. Rosenthal testified that he did not concede guilt on either 924(c) count, but may have conceded the sale count on January 20, 2011, and the possession of a firearm by a convicted felon on January 27, 2011, in closing arguments. Mr. Rosenthal testified that petitioner was in agreement with the strategy that was proposed, and counsel informed petitioner of the consequences of the strategy, including the sentence if it failed. Mr. Rosenthal agreed that he would have explained to petitioner that there are no guarantees, with the exception of statutory minimum mandatory sentences. Petitioner never indicated to Mr. Rosenthal that he was willing to enter a plea of guilty without a plea agreement.

On April 6, 2011, petitioner and his co-defendant were arraigned with counsel before a district judge on the charges in

the Indictment. Among other things, the charges were summarized for defendants, and the penalties were set forth. Petitioner was told that Counts 1 through 4 carried a mandatory minimum term of one year to forty years imprisonment; Count Two carried a mandatory minimum term of seven years to life imprisonment consecutive to other terms of imprisonment imposed; Count Three carried a term of up to ten years imprisonment; Counts Five through Seven carried terms of up to twenty years imprisonment; Count Eight carried a mandatory minimum term of twenty-five years to life consecutive to any other term of imprisonment imposed; and Count Ten carried a term of up to ten years imprisonment. (Cr. Doc. #200, pp. 8-9.) Petitioner told the district judge that he understood the charges in the Indictment and understood the possible penalties. (Id. at 10.)

Petitioner was sentenced to a term of 78 months of imprisonment as to Counts 1, 3, 4, 5, 6, 7, and 10, each count to be served concurrently, a consecutive term of 5 years of imprisonment as to Count 2, and a term of 25 years as to Count 8, to be served consecutively to Counts 1, 2, 3, 4, 5, 6, 7, and 10. (Doc. #139, p. 69.)

**II.**

At the May 8, 2018, evidentiary hearing, post-conviction counsel argued that the only issue for the Court is to resolve

whether petitioner clearly understood the plea offer he was rejecting, and the sentencing consequences. As previously outlined by the Court,

> A defendant in a criminal case is entitled to effective assistance of counsel during plea negotiations. Lafler v. Cooper, 566 U.S. 156, 162 (2012). For a claim that a plea would have been accepted but for counsel's ineffectiveness, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. at 164.

(Cv. Doc. #25, p. 10.) The Court finds that the credible evidence in the case establishes that petitioner was provided with effective assistance of counsel prior to trial and in the communication of plea offers with the government attorneys.

The Court accepts the testimony of Mr. Rosenthal in all of its factual aspects, including those areas where it conflicts with the testimony of petitioner. The Court finds that petitioner's interest in the outcome of the case gave him the incentive to testify in a manner which was not true as to certain critical matters. Further, petitioner's responses at the arraignment regarding the potential sentences, and what was stated at the

evidentiary hearing reflect an inconsistency. The Court also finds that the testimony of Mr. Rosenthal was more credible because it was corroborated by his contemporaneous written Memo as to the events, and the record of the court proceedings.

Specifically, the Court finds: (1) petitioner was accurately advised by the Court of the maximum penalties as to all counts at the arraignment; (2) petitioner advised the Court at the arraignment that he understood these maximum penalties; (3) petitioner received the close attention of counsel during the pre-trial phase of the case; (4) defense counsel fully and accurately discussed and explained the maximum penalties to petitioner, and petitioner accurately understood these penalties, including the mandatory statutory sentences and the requirement of the consecutive imposition for some of the counts; (5) defense counsel fully conveyed petitioner's plea offer to the government attorneys, which was rejected; (6) defense counsel fully and accurately conveyed the government's tentative plea offer to petitioner, and fully and accurately conveyed the sentencing implications of the proposal; (7) petitioner rejected the government's tentative offer because the sentence would have been too long, and he thought he could prevail on some of the counts at trial.

The plea offer was presented in May 2011, and petitioner rejected the offer. Without a "reasonable probability" that he would have accepted the deal, there can be no prejudice. Reeves v. United States, 665 F. App'x 833, 836 (11th Cir. 2016), cert. denied, 137 S. Ct. 1447, 197 L. Ed. 2d 658 (2017). The Court concludes that counsel was not deficient, and further that there was no prejudice because the testimony does not reflect a reasonable probability that petitioner would have accepted the plea offer.

Accordingly, it is hereby

**ORDERED:**

1. Ground One of petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #247), previously taken under advisement pending a hearing, is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and as stated in the September 22, 2017 Opinion and Order (Cv. Doc. #25) as to Ground Two, and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas

corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA